ANTON NEUBAUER, PROSECUTOR, v. JOHN McCUTCHEON, CLERK OF THE CIRCUIT COURT OF THE COUNTY OF PASSAIC, AND JOHN GROSSGEBAUER, RESPONDENTS.

Submitted July 6, 1922—Decided November 8, 1922.

*Certiorari* will not lie to review an order in the Circuit Court in the nature of a final judgment, from which only an appeal may be taken.

On *certiorari* to the Passaic County Circuit Court.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Gustav A. Hunziker.*

For the defendant, *Wayne Dumont.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor seeks to review, by writ of *certiorari,* the validity of an order made by the Passaic Circuit Court, adjudging that the sum of two thousand seven hundred and twenty-eight dollars ($2,728), deposited by John Grossgebauer, the defendant in this proceeding, in lieu of bail, with a Supreme Court commissioner, in order to obtain the release from custody of John J. Arians, who was then under arrest by virtue of a *capias ad respondendum* sued out of the above-mentioned court by Anton

Neubauer, the prosecutor herein, "be returned to the said John Grossgebauer or his lawful attorney."

In *Taylor Provision Co.* v. *Adams Express Co., 72 N. J. L.* (at *p.* 221), Mr. Justice Dixon, speaking for the Court of Errors and Appeals, said: "The Circuit Court is a constitutional court of record, having general jurisdiction over common law actions *inter partes* and proceeding therein according to the course of the common law. As such its orders are reviewable, not by *certiorari,* but by writ of error, and only after final judgment."

The order made by the Circuit Court in the proceeding there has settled definitely the rights of the parties, and under the case of *Knight* v. *Cape May Sand Co., 83 N. J. L.* 597, and the cases there cited, the order made was in its nature a final judgment from which only an appeal lies.

The writ of *certiorari* was improvidently granted and must be dismissed.